# In the United States Court of Federal Claims

No. 25-506
Filed: June 30, 2025

|  |  |
|---|---|
| ANDRE YOUNGBLOOD, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

**ORDER**

On March 17, 2025, plaintiff, Mr. Andre Youngblood, proceeding *pro se* while currently incarcerated in Coleman, Florida, filed a complaint in this Court in which he makes vague allegations of breach of contract and violations of his constitutional rights regarding multiple provisions of the United States Constitution, *e.g.*, a generalized Due Process violation and a Fifth Amendment violation. *See generally* Plaintiff's Complaint, ECF No. 1. On April 11, 2025, Mr. Youngblood filed a motion for leave to *proceed in forma pauperis*. *See* Plaintiff's Motion to Proceed IFP, ECF No. 6. On May 20, 2025, defendant filed a motion to dismiss. *See* Defendant's Corrected Motion to Dismiss, ECF No. 10.

**I.      Lack of Subject-Matter Jurisdiction**

This Court's jurisdictional grant is primarily defined by the Tucker Act, which grants this Court subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). This Court lacks jurisdiction over claims involving violations of provisions of the Constitution that are not money-mandating. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Due Process clauses of both the Fifth and Fourteenth Amendments do not provide a cause of action under the Tucker Act). This Court also lacks jurisdiction over claims relating to violations of the APA. *See Visconi v. United States*, 108 Fed. Cl. 344, 350 (2012) ("[T]he [C]ourt does not have jurisdiction under the APA."); *see, e.g., Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003) (en banc) ("[T]he Court of Federal Claims lacks APA jurisdiction.").

Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") states that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." R. Ct. Fed. Cl. 12(h)(3).

Defendant argues that this Court lacks jurisdiction to hear Mr. Youngblood's claims pursuant to RCFC Rule 12(b)(1), lack of subject-matter jurisdiction, and RCFC Rule 12(b)(6), failure to state a claim upon which relief can be granted. Defendant is correct because this Court lacks jurisdiction to hear Mr. Youngblood's APA violation claims as well as his claims of various alleged violations of non-money-mandating provisions in the United States Constitution, *e.g.*, his generalized Due Process and Fifth Amendment claims. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *see also Visconi v. United States*, 108 Fed. Cl. 344, 350 (2012).

## II. Failure to State a Claim

To avoid dismissal for failure to state a claim under RCFC Rule 12(b)(6), a complaint must contain well-pleaded facts containing the essential elements of a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2008); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 533–63, 570 (2007). A Court may dismiss a complaint as factually frivolous where the complaint contains facts that are 'clearly baseless' or 'delusional.' *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1993) (citation omitted).

RCFC Rule 9(k) states that, "[i]n pleading a claim founded on a contract . . . , a party must identify the substantive provisions of the contract . . . on which the party relies." Where "a plaintiff fails to comply with RCFC 9(k) and to allege sufficient facts to show that it had a contract with the United States, the court cannot exercise jurisdiction over the claim."). *See Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl. 760, 766 (2014).

Defendant argues that Mr. Youngblood provides no facts in support of the existence of a contract with the United States. Defendant is correct. Mr. Youngblood, referring to several individuals, alleges that "they breach[ed a c]ontract," but provides no details to show the existence of the alleged contract or the actions that caused the alleged breach. Compl. at 1. Mr. Youngblood therefore fails to allege facts showing a breach of contract, and the Court must dismiss for lack of jurisdiction.

## III. Three Strikes Rule

Lastly, prisoner-plaintiffs who file three or more complaints in federal court while incarcerated, where the complaints were dismissed for frivolousness, maliciousness, or failure to state a claim, may not proceed *in forma pauperis* and must pay the required filing fee, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Mr. Youngblood may not proceed *in forma pauperis* because he has previously initiated three actions in federal courts that were dismissed for failure to state a claim. *See generally* Opinion and Order, ECF No. 40, accepting and incorporating by reference Report and Recommendation, ECF No. 35, *Youngblood v. Gergel et al*, No. 24-6372 (D.S.C. May 30, 2025); *see also* Youngblood v. Director, Alston Wilkes Society, No. 0:23-906-HMH-PJG, 2023 WL 3604993, at *1 (D.S.C. May 23, 2023); United States v. Youngblood, No. 21-7658, 2022 WL 1797325, at *1 (4th Cir. June 2, 2022). The Court is also not aware of Mr. Youngblood being in imminent danger of serious physical injury.

- 3 -

      Accordingly, Defendant's Motion to Dismiss is hereby **GRANTED**.  Additionally, Plaintiff's Motion to Proceed IFP is **DENIED** pursuant to 28 U.S.C. § 1915(g).  Plaintiff's Complaint is therefore **DISMISSED**, and the Clerk of Court is directed to enter judgment accordingly.

      **IT IS SO ORDERED.**

      s/ *Loren A. Smith*
      Loren A. Smith,
      Senior Judge